**A. C. SKINNER, Jr., et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1997.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Jan. 25, 1962.

Ward & Brown, Howell Ward, Corpus Christi, Tex., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Harold A. Chamberlain, Attorney, Department of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for defendant.

GARZA, District Judge.

This is a suit for the recovery of income taxes paid by the Estate of A. C. Skinner, Sr., for the short period January 1, 1955, to April 2, 1955. A. C. Skinner, Jr., and Floyd C. Skinner, as Executors of the Estate of A. C. Skinner, Sr., seek the recovery of $4,048.25 with interest, said amount being an overpayment of taxes.

The facts in this case reveal that A. C. Skinner, Sr., died on April 2, 1955. His wife, Dorothea Skinner, predeceased him on January 28, 1951, leaving her entire estate to the decedent. The bulk of the estate of Dorothea Skinner was her community one-half interest in stock in the Oriental Laundry and Cleaners, Inc. At the time of the wife's death, the basis of her part of the community one-half of the stock in Oriental Laundry and Cleaners, Inc., was evaluated for estate tax purposes at $72,902.64. It has been shown that the original cost of the company on October 1, 1945, was $7,050.00.

On March 31, 1955, decedent sold all of his stock in Oriental to the corporation for $225,600.00, receiving $50,000.00 in cash and a promissory note in the amount of $175,600.00 for the balance. The terms of the note called for payment with interest in variable monthly installments by December 1, 1961. In 1956, the decedent's executors filed an income tax return for the short taxable period from January 1, to April 2, 1955. In preparing this return, the Estate main-

tained that the basis for the purposes of computing capital gains tax of the decedent's stock was $72,902.64 plus $7,050.00, the original cost of the business, setting a basis of $79,952.64. The executors of the estate erroneously established this base rather than utilizing the provisions of Section 1014(b), Subsection (6), of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1014(b) (6), whereby at the death of the wife the entire stock in question acquired a new basis, which basis was the entire community value of the property at that time, which amounted to $145,805.28. The gain on the sale by Mr. Skinner should have been the difference between the basis established at the time of the wife's death, to-wit, $145,805.28, and the sales price, thereby leaving a capital gain of $79,794.72, instead of the original capital gain of $145,647.38 reflected in the return filed by the Plaintiffs in 1956.

In the following years, 1956 through 1959, the executors reported on their income tax the installment gain from the sale, using the erroneous basis of $79,952.64 in computing the taxable income in each year. On July 9, 1959, the executors filed claims for refund of income taxes for the years 1956 through 1959, basing their claims upon the fact that the erroneously computed basis had been used. The Commissioner, when apprised of this, granted a refund for the aforementioned years. Plaintiffs seek a recovery for the tax paid for the year 1955. The Government denies this claim for refund because it did not come within the statutory period permitted by law; i. e., it was precluded by the statute of limitations, Sec. 6511, Title 26 U.S.C.A. The Plaintiffs seek relief under the mitigation provisions of the Code, Sections 1311 through 1315. Congress has provided certain situations whereby relief may be obtained, notwithstanding the fact that the statute of limitations operates to bar a claim.

Our principal concern in this case is whether or not these mitigation provisions can be applied to the case at bar.

It is the Plaintiffs' contention that the Government's granting the refund for those years is a subsequent inconsistent position which creates grounds for relief under Section 1311(b) (1), Title 26 U.S.C.A. Although it is true that granting the refund was a subsequent inconsistent position, it must be such a position as meets the requirement of the statute under Section 1311 or under Section 1312 of the Code, which sets out the circumstances of adjustment which will permit the relief sought by these Plaintiffs. There are several circumstances listed under Section 1312.

It appears to this Court that there are no circumstances under Section 1312 which fit the facts in this case. The mere fact that the Government has passively accepted the basis established and reported by the taxpayer, and then subsequently granted the refund, agreeing that the basis reported by the taxpayer in 1955 was erroneously computed, does not create a circumstance of adjustment.

This is not a situation where the Government has subsequently, for example, allowed expenses or claims which in previous years it had denied, thereby constituting an inconsistent position. There was no active inconsistency on the part of the Government which prejudiced the rights of the Plaintiffs. It is the Plaintiffs' own inconsistency which has put them in their unenviable position.

The Court is most sympathetic with the unfortunate position in which the Plaintiffs find themselves, and is deeply disturbed over the fact that, but for the statute of limitations, it is undisputed they would be entitled to the refund. To grant the Plaintiffs this refund, however, would run contrary to the spirit and intent of Section 6511, the statute of limitations.

Judgment shall be entered in favor of the Defendant, with costs to be assessed against the Plaintiffs.

Clerk will notify counsel to prepare appropriate order.